## CIRCUIT COURT OF SHENANDOAH COUNTY

Randall Snowling et al.

v.

Massanutten Military Academy

January 17, 2002

Case No. (Law) CL98-23

BY JUDGE DENNIS LEE HUPP

This is an action at law to recover monies paid by the Plaintiffs to the Defendant for their son's tuition, room, and board. Plaintiffs' son was expelled from the Academy rather early in the school year. Plaintiffs' counsel wants to contact informally four former employees of the Defendant who are witnesses to the facts and circumstances forming the basis for the discharge of the student. Indeed, they were witnesses in the school's administrative proceeding wherein the decision to expel was made. The Defendant objects to the *ex parte* contact, insisting that access to these former employees be obtained through formal discovery procedures only.

I will allow the Plaintiff to contact *ex parte* the former employees of the Defendant who were named at our hearing on January 3, 2002. Such contact is ethically permitted under Legal Ethics Opinion No. 1670. These persons are no longer employees of the Defendant, and I do not believe that they were part of the "control group" when they were employed by MMA.

I have reviewed the opinion of the Honorable John E. Wetsel, Jr., Judge of the Twenty-Sixth Judicial Circuit, in *Dupont v. Winchester Medical Center*, 34 Va. Cir. 105 (Winchester, 1994). While I do not disagree with Judge Wetsel's reasoning, there is, in my view, an important difference between the situation presented there and the one at hand. That distinction lies in the employment status of the persons with whom the Plaintiff seeks contact. In our case, these persons are no longer employed by the Defendant.

I realize this ruling puts me at odds with Magistrate Judge Sargent in *Armsey v. Medshares Management Services*, 184 F.R.D. 569 (W.D. Va.

1998); however, I find myself in agreement with the opinions handed down in those several cases cited in *Armsey* where *ex parte* contact with former non-managerial employees was allowed.